KEARNEY v. WALKER.

Opinion delivered May 23, 1927.

1. JUDGMENT—CRIMINAL PROSECUTION AS BAR.—That a wrongdoer was prosecuted for crime and convicted or acquitted is no bar to a civil action for the same wrong.

2. JUDGMENT—ACQUITTAL OF MALICIOUS MISCHIEF NO BAR TO SUIT FOR DAMAGES.—That one killing a dog was prosecuted for malicious mischief and acquitted is no bar to a civil suit for damages for killing the dog, though the court must assess damages in favor of the owners of the dog in the criminal prosecution if defendant is found guilty; the criminal prosecution requiring proof that the act was willful, malicious, or wanton, and requiring proof beyond reasonable doubt, rather than a preponderance of the evidence, and being under the control of the State rather than the owners.

3. DAMAGES—WHEN EXCESSIVE.—In a suit for killing a setter bitch, a verdict for $600 *held* excessive and reduced to $400.

Appeal from Phillips Circuit Court; *E. D. Robertson*, Judge; modified.

*Moore, Walker & Moore,* for appellant.

*W. G. Dinning,* for appellee.

MEHAFFY, J.   The appellees, plaintiffs below, filed suit in the Phillips Circuit Court, alleging that the appellant, who is the defendant in the court below, willfully, maliciously and unlawfully shot and killed a female setter dog which was owned jointly by the appellees, of the value of $750.

The defendant filed a motion to dismiss, which motion alleged that he had been arrested under § 2511 of Crawford & Moses' Digest, charged with malicious mischief in killing the dog.   That he was tried in the municipal court and acquitted.   The motion alleged that, under said section, if appellant had been found guilty, then it would have been mandatory that the court assess damages in said action in favor of the owners (appellees) of the dog.   That for this reason the prosecution in the municipal court was a bar to the proceedings in this case. The motion was overruled, and the defendant filed an answer; denied that plaintiffs were the owners of the dog; denied that he willfully, maliciously and unlawfully

shot the animal, and denied that they were damaged in sum of $750. Further answering, the defendant alleged that one of the plaintiffs was hunting in the inclosed premises of the defendant, which premises were inclosed by a lawful fence, and that, while he was so hunting in the inclosure with a dog, the defendant shot a dog, and alleged that he had a perfect right to do so under and by virtue of § 2511 of Crawford & Moses' Digest, and that the killing of said dog was not unlawful, and that no cause of action accrued in favor of plaintiff. He further alleged that the arrest and trial in the municipal court in the city of Helena and his discharge there was a bar to the prosecution of this action.

After the evidence on the part of plaintiff, defendant moved that the court direct the jury to find a verdict in favor of the defendant, and this motion was overruled. The jury returned a verdict for $600, for which amount judgment was entered. Defendant filed his motion for a new trial, which was overruled, and defendant appealed to this court.

There is no dispute about the fact that one of the appellees was in defendant's inclosure with his dog, hunting; that there was a lawful fence around the same, and that, while said plaintiff was thus trespassing and had his dog within the inclosure, defendant shot the dog; and there is no dispute about the fact that he was tried in the municipal court and acquitted.

The appellant does not contend that the prosecution for a crime is a bar to a suit for damages against the wrongdoer, a bar to a civil action for damages, but he contends that it is a bar in this case because the court, if he was guilty of malicious mischief, that is, if found guilty by the court, the court would be required to assess the damages in that case, and for that reason he contends that it is a bar. Of course it is unnecessary to cite authorities supporting the doctrine that a prosecution and either conviction or acquittal for a crime does not bar a civil action for the same wrong. In the criminal action he could not be found guilty unless the proof showed that

he willfully, maliciously or wantonly killed the dog. It might be found that he killed the dog without the act being willful, malicious or wanton, and he would not be guilty of violating the criminal statute, unless it was shown by the evidence, beyond a reasonable doubt, that he killed the dog willfully, maliciously or wantonly. In a suit for damages for killing the dog it would only have to be shown by a preponderance of the evidence. Any person whose property is damaged by the wrongful conduct of another has the right to maintain a suit against the wrongdoer for damages, and has a right to control the suit and the trial thereof, but, in a prosecution under the malicious mischief statute, the State prosecutes the suit, and the person whose property is damaged has no right to control the procedure or the suit in any way. We think that the plaintiffs clearly had a right to maintain this suit.

The other question argued by the appellant is that the verdict is excessive. After a careful consideration of all the evidence and an examination of the authorities presented by both parties, we have reached the conclusion that the verdict is excessive.

The witnesses testified that the dog was of the value of anywhere from $600 to $800, but there was no question asked about the market value, and there seems to be no indication, from the testimony, that any of the witnesses had in mind the market value, and the plaintiff testified that he could have obtained $500 for the dog, but that he had been offered only $250. That if the puppies had been born alive they would have been worth at least $300.

The jury, in fixing the value of the dog, must have fixed some value on the puppies themselves, as the witness had only been offered $250 for his dog. There was some evidence of the market value of the dog, and witness' statement that he could sell the dog for $500 was also some evidence of its value.

Taking all the evidence together we have concluded that the market value of the dog was not in excess of $400, and, finding no other error, the judgment will be reduced to $400, and affirmed for that amount. It is so ordered.